# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SELMA DIVISION

| | |
|---|---|
| DONALD VAIL, TAMMY VAIL, CARRIEWATTRES, WILLIE PEARL ADAMS, WILLIAM BARNES, JR., CAROL BARNES, SHIRLEY TODD, RICHARD TODD, SUE TODD, SILVERIO GALVAN, TINA POPE, VICE PYLE, LARRY STRATTON, KATHY STRATTON, SANDRA BURNETT, LAQUITTA WINSTEAD, TRAVIS WESLEY, BERTRAND MCDANIEL, REBA POPE,<br><br>    Plaintiffs,<br><br>    v.<br><br>SMARTERFUEL SOUTH, LLC, SMARTER FUEL, AND JIM KILLIAN, et al.<br><br>    Defendants. | ) ) ) ) CASE NO: ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## NOTICE OF REMOVAL

COME NOW SmarterFuel South, LLC and SmarterFuel[1] ("Smarterfuel") and James Killian ("Killian"), and file this Notice of Removal of this case from the Circuit Court of Marengo County, Alabama to the United States District Court for the Southern District of Alabama, Selma

---

[1] Plaintiffs have named SmarterFuel South, LLC and SmarterFuel as separate Defendants. An Answer has been filed in Marengo County Circuit Court on behalf of SmarterFuel South, LLC and SmarterFuel, although SmarterFuel is not a legal entity.

Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of said removal, Defendant shows unto the Court as follows:

## CITIZENSHIP OF PARTIES

1. Upon information and belief, each and every Plaintiff is an individual resident citizen of Alabama. (See Plaintiffs' Complaint, attached collectively as "Exhibit A", ¶¶ 1-19).

2. At all times referred to in the Complaint, as well as the date of filing of same, Defendant Smarterfuel was a corporation incorporated in the State of Pennsylvania with its principal place of business in the State of Pennsylvania. (See Ex. A, ¶ 20; see also Pennsylvania incorporation papers, attached as "Exhibit B"). Smarter Fuel was served with the Summons & Complaint on September 17, 2012 (see certified mail receipt, attached hereto as "Exhibit C").

3. Defendant Killian is a citizen of the state of New York. (See Affidavit of Service on Killian, attached hereto as "Exhibit D").

4. The Summons and Complaint were allegedly served on Jim Killian on April 24, 2013.[2] (Ex. D).

---

[2] The Affidavit indicates that the deputy made four attempts to serve Killian at his resident address of 15 Park Avenue, Poughkeepsie, New York, 12603. Killian was never personally served. The Affidavit indicates that the Summons and Complaint were "affixed to the defendant's door," most recently on April 24, 2013. Killian denies that this constitutes proper service under the Alabama Rules of Civil Procedure.

2

5. This Notice of Removal is being filed on behalf of all Defendants.

## BRIEF STATEMENT OF FACTS

6. On September 13, 2012, the Plaintiffs filed a Complaint in the Circuit Court of Marengo County, Alabama and bearing Civil Action Number CV-2012-900120. (Ex. A).

7. The Complaint names Smarter Fuel South, LLC, Smarter Fuel, and James Killian (incorrectly identified in the Complaint as "Jim Killian"). (Ex. A).

8. There are nineteen (19) different Plaintiffs and allegations of damage to sixteen (16) different parcels of real property in the Complaint. All nineteen Plaintiffs have brought claims of trespass, nuisance, negligent/wantonness, and combined and concurring negligence/wantonness. The plaintiffs allege that the defendants "caused or allowed refined fuel products, byproducts, waste products, noxious and/or poisonous odors and/or contaminants to be discharged and emitted from said fuel refinery facilities into uncontained service areas, waters, and the air on and adjacent to the subject lands of the plaintiffs." (Ex. A, ¶ 26.)

---

Nevertheless, this Notice of Removal is filed within the thirty day time period of the date of purported service—April 24, 2013. Killian specifically reserves the right to contest proper service in this matter.

9. Plaintiffs claim to have been damaged by "exposure to contamination containing known toxic chemicals and substances; by the mental anguish, pain and suffering experienced by the plaintiffs, by the devaluation of the subject property; and by the diminishment of an interference with the use and enjoyment of the plaintiff's home and property rights." (See Ex. A, ¶ 33.)

10. The Complaint, which seeks compensatory and punitive damages, does not seek a sum certain (Ex. A). Should plaintiffs stipulate that they will not seek and/or attempt to recover combined monetary damages in excess of $75,000, exclusive of interests and costs, or retain any judgment in excess of $75,000, the defendant will consent to remand.

11. This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. ¶ 1332 because the suit involves citizens of different states (i.e., the plaintiffs (Alabama), defendant Smarter Fuel (Pennsylvania) and defendant Killian (New York), and the amount in controversy exceeds $75,000, exclusive of interests and cost.

12. Defendant has provided a copy of this Notice of Removal to all adverse parties and to the Clerk of the Circuit Court of Marengo County, Alabama 28 U.S.C. ¶ 1446(d).

## ARGUMENT

## I. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332 because the suit is between citizens of different states. Every plaintiff is a resident of Alabama, while the defendant Smarter Fuel is a citizen of Pennsylvania and defendant Killian is a citizen or a resident of the State of New York.

Although *Alabama Rule of Civil Procedure* 9(h) allows a plaintiff who is ignorant of the true name of an opposing party to designate that party by a fictitious name, Section 1441(a) of Title 28 of the United States Code forbids considering the citizenship of fictitious parties in determining the existence of diversity. 28 U.S.C. § 1441(a) states in pertinent part:

> For purposes of removal under this chapter [28 USCS §§ 1441 et seq.], the citizenship of defendants sued under fictitious names shall be disregarded[3].

Therefore, only the citizenship of the named parties should be considered in determining diversity of citizenship.

In the present case, the parties are presently completely diverse, thereby fulfilling their requirement of 28 U.S.C. ¶ 1332.

---

[3] "This language was added in 1988 under the Judicial Improvements and Access to Justice Act, in order to curtail the practice of naming fictitious defendants merely to destroy diversity." Howell v. Circuit City, 330 F. Supp. 2d 1314, 1317 (M.D. Ala. 2004).

## II. THE AMOUNT IN CONTROVERSY MORE LIKELY THAN NOT EXCEEDS THE $75,000 JURISDICTIONAL THRESHOLD

In the case at bar, the plaintiffs' Complaint does not demand a specific amount. (Ex. A). Removal of a state court case, in which the complaint does not specify the amount of damages sought, on the basis of diversity jurisdiction is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional threshold. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). The Court must look to the notice of removal and any evidence submitted by the parties in order to determine if the amount in controversy exceeds the jurisdictional requirement. See, e.g., Moore v. CNA Found., 472 F. Supp. 2d 1327, 1331-32 (M.D. Ala. 2007).

When the amount in controversy is not facially apparent, the removing defendant has the burden of proving by a "preponderance of the evidence" that the amount of controversy more likely than not exceeds the $75,000 jurisdictional threshold. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); see also Flowers v. Priority Healthcare Pharm., Inc., 2007 U.S. Dist. LEXIS 34688 (S.D. Ala. 2007) (applying the Tapscott standard); Sierminski v. Transouth Fin. Corp.,

216 F. 3d 945, 948 (applying a "preponderance of the evidence" standard when considering whether a removing defendant had properly established the amount in controversy.). Mere conclusory allegations in the notice of removal that the jurisdictional requirement is satisfied, unsupported by the underlying facts, do not discharge the defendant's burden of proof. Williams, 269 F.3d at 1319-20. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994).

A defendant may properly discharge its burden of proof by pointing to verdicts exceeding $75,000 rendered in similar cases. See, e.g., Kirkland v. SSL Americas, Inc., 263 F. Supp. 2d 1326, 1333 (M.D. Ala. 2003) (finding that defendant proved the amount in controversy exceeded $75,000 by providing Alabama state court verdicts above that amount from similar actions); see also Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255, 1258-59 (M.D. Ala. 2001); see also Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003). Predicting a jury verdict is an inexact science, as the United States Supreme Court long ago noted that "it is the peculiar function of the jury to determine the amount by their verdict." Barry v. Edmunds, 116 U.S. 550, 565 (U.S. 1886). As such, the best predictor for a potential jury verdict, and thus, the amount in controversy, is a compilation of previous verdicts rendered in other, similar cases.

There have been cases in Alabama involving similar claims to support the position that there is more than $75,000 in controversy in the present matter. In <u>Courtaulds Fibers, Inc. v. Long</u>, 779 So. 2d 198 (Ala. 2000), the jury returned a verdict of $1,000,000 in compensatory damages alone for claims by two (2) property owners against a manufacturing plant for nuisance, trespass, negligence, wantonness and emission of an abnormally dangerous instrumentality. In <u>Kirby v. Alexander & Associates, LLC</u>, 2011 WL 1560056 (Ala.Cir.Ct.), the jury returned a verdict of $200,000 for two (2) property owners against defendants for claims of nuisance, trespass, negligence and wantonness.

Another case that supports the contention that the present matter involves more than $75,000 in controversy is <u>Tyson Foods, Inc. v. Stevens</u>, 783 So. 2d 804 (Ala. 2000). This case involved claims of nuisance, negligence and trespass arising out of recurring odor problems. The jury brought back a verdict for the landowners totaling $2,500 in compensatory damages and $75,000 in punitive damages. <u>Id</u>. On appeal, the Alabama Supreme Court reduced the punitive damages award to $25,000. <u>Id</u>. at 811. However, the original verdict amount was awarded to a husband and wife, and it concerned one piece of property owned by the husband and wife. <u>Id</u>. at 804.

In the case at bar, there are a total of nineteen (19) different plaintiffs and allegations of damage to sixteen (16) different parcels of property. Even if this Court only considers the remitted verdict amount of $27,500 for the two plaintiffs, given the amount of parties and properties involved in the present matter, a strong inference can be made that based upon the results in Tyson, the amount in controversy greatly exceeds $75,000.

In addition to claims for property damage, the Plaintiffs allege bodily injuries resulting from the "exposure to contamination containing known toxic chemicals and substances." (Exhibit A). A jury award of $75,001.00 as total damages in this matter would mean that each Plaintiff would receive less than $4,000. Should the Plaintiffs present substantial evidence to support their serious allegations, it is evident that the value of each Plaintiff's claims would far exceed that figure.

## CONCLUSION

For the foregoing reasons, Defendant Killian respectfully requests this Honorable Court take jurisdiction of this case and issue all necessary orders and process in order to remove the case from the Circuit Court of Marengo County, Alabama to the United States District Court for the Southern District of Alabama, Selma Division.

Respectfully submitted,

*/s/ William F. Smith, II*
William F. Smith (asb-2003-h63w)
James A. Potts, II (asb-5610-j62p)
*Attorneys for Defendant-
Smarterfuel South, LLC.,*

**OF COUNSEL:**
VERNIS & BOWLING OF BIRMINGHAM, LLC
3300 Cahaba Road, Suite 200
Birmingham Alabama 35223
Telephone: (205) 445-1026
Facsimile: (205) 445-1036
Email: wsmith@law-alabama.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served, placing the same in the U.S. Mail, first class postage pre-paid and properly addressed as follows, on this the 24th day of May, 2013.

Gerald Baxter
Prince, Glover & Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, AL 35406

                                            **/s/ William F. Smith, II**
                                            OF COUNSEL