# EXHIBIT A


ELECTRONICALLY FILED
9/13/2012 9:22 AM
CV-2012-900120.00
CIRCUIT COURT OF
MARENGO COUNTY, ALABAMA
RUSTY NICHOLS, CLERK

IN THE CIRCUIT COURT OF MARENGO COUNTY, ALABAMA

| | | |
|---|---|---|
| DONALD VAIL, TAMMY VAIL, | § | |
| CARRIE WATTERS, | § | |
| WILLIE PEARL ADAMS, | § | |
| WILLIAM BARNES, JR., | § | |
| CAROL BARNES, | § | CV-2012-_____ |
| SHIRLEY TODD, RICHARD TODD, | § | |
| SUE TODD,  SILVERIO GALVAN, | § | |
| TINA POPE, VICE PYLE, | § | |
| LARRY STRATTON, | § | |
| KATHY STRATTON, | § | __JURY DEMANDED__ |
| SANDRA BURNETT, | § | |
| LAQUITTA WINSTEAD, | § | |
| TRAVIS WESLEY, | § | |
| BERTRAND MCDANIEL, | § | |
| REBA POPE, | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| VS. | § | |
| | § | |
| SMARTERFUEL SOUTH, LLC, a | § | |
| foreign corporation doing business | § | |
| in Alabama; SMARTER FUEL, a | § | |
| foreign corporation doing business in | § | |
| Alabama; JIM KILLIAN, an | § | |
| Individual; FICTITIOUS PARTY | § | |
| A-Z, being that individual, company | § | |
| and/or entity whose identity is not yet | § | |
| known but who furnished, designed, | § | |
| manufactured, engineered, mixed or | § | |
| installed the product which discharged | § | |
| and emitted noxious or poisonous gases | § | |
| which polluted Plaintiffs' and their | § | |
| property, | § | |
| | § | |
| DEFENDANTS. | § | |

## COMPLAINT

## STATEMENT OF THE PARTIES

1.      Plaintiff, Donald Vail, is over the age of twenty-one (21) and is a resident

citizen of Marengo County.  Plaintiff Vail owns, resides and/or is in lawful possession of

1

property located at 375 Moss Lane, Gallion, Alabama.

  2. Plaintiff, Tommy Vail, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Vail owns, resides and/or is in lawful possession of property located at 1103 Fairview Drive, Demopolis, Alabama.

  3. Plaintiff, Carrie Watters, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Watters owns, resides, and/or is in lawful possession of property located at 2729 Highway 43 South, Gallion, Alabama.

  4. Plaintiff, Willie Pearl Adams, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Adams owns, resides and/or is in lawful possession of property located at 4 Rivas Circle, Gallion, Alabama.

  5. Plaintiff, William Barnes, Jr., is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Barnes owns, resides, and/or is in lawful possession of property located at 35344 Highway 43 South, Gallion, Alabama.

  6. Plaintiff, Carol Barnes, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Barnes owns, resides, and/or is in lawful possession of property located at 35344 Highway 43 South, Gallion, Alabama.

  7. Plaintiff, Shirley Todd, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Todd owns, resides and/or is in lawful possession of property located at 11 T. Rivas Circle, Gallion, Alabama.

  8. Plaintiff, Richard Todd, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Todd owns, resides and/or is in lawful possession of property located at 3 T. Rivas Circle, Gallion, Alabama.

  9. Plaintiff, Sue Todd, is over the age of twenty-one (21) and is a resident

2

citizen of Marengo County. Plaintiff Todd owns, resides and/or is in lawful possession of property located at 3 T. Rivas Circle, Gallion, Alabama.

10.    Plaintiff, Silverio Galvan, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Galvan owns, resides and/or is in lawful possession of property located at 105 T. Rivas Circle, Gallion, Alabama.

11.    Plaintiff, Tina Pope, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Pope owns, resides, and/or is in lawful possession of property located at 1314 Phillips Drive, Demopolis, Alabama.

12.    Plaintiff, Vice Pyle, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Pyle owns, resides and/or is in lawful possession of property located at 54 Russell Drive, Demopolis, Alabama.

13.    Plaintiff, Larry Stratton, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Stratton owns, resides and/or is in lawful possession of property located at 16 Russell Drive, Demopolis, Alabama.

14.    Plaintiff, Kathy Stratton, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Stratton owns, resides and/or is in lawful possession of property located at 16 Russell Drive, Demopolis, Alabama.

15.    Plaintiff, Sandra Burnett, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Burnett owns, resides and/or is in lawful possession of property located at 121 Rivas Circle, Gallion, Alabama.

16.    Plaintiff, Laquitta Winstead, is over the age of twenty-one (21) and is a resident citizen of Marengo County. Plaintiff Winstead owns, resides, and/or is in lawful possession of property located at 35263 Highway 43, Gallion, Alabama.

3

17.     Plaintiff, Travis Wesley, is over the age of twenty-one (21) and is a resident citizen of Marengo County.  Plaintiff Wesley owns, resides and/or is in lawful possession of property located at 307 West Barnes Street, Demopolis, Alabama.

18.     Plaintiff, Bertrand McDaniel, is over the age of twenty-one (21) and is a resident citizen of Marengo County.  Plaintiff McDaniel owns, resides, and/or is in lawful possession of property located at 4100 County Line Road, Linden, Alabama.

19.     Plaintiff, Reba Pope, is over the age of twenty-one (21) and is a resident citizen of Marengo County.  Plaintiff Pope owns, resides, and/or is in lawful possession of property located at 1 T. Rivas Circle, Gallion, Alabama.

20.     Defendant, SmarterFuel South, LLC (hereinafter referred to with Smarter Fuel collectively as "SmarterFuel"), is a foreign corporation doing business in Marengo County, Alabama.

21.     Defendant, Smarter Fuel (hereinafter referred to with SmarterFuel South, LLC collectively as "SmarterFuel"), is a foreign corporation doing business in Marengo County, Alabama.

22.     Defendant Jim Killian is over the age of twenty-one (21) and is a resident citizen of Marengo County, Alabama.  Defendant Killian is President of SmarterFuel South, LLC.

23.     Fictitious Party A-Z being that individual, company and/or entity whose identity is not yet known but who furnished, designed, manufactured, engineered, mixed or installed the product which discharged and emitted noxious or poisonous gases which polluted Plaintiffs' and their property.

## STATEMENT OF THE FACTS

24.     Upon information and belief, Defendants own and operate certain fuel refinery facilities in Marengo County, Alabama, whereby the Defendants take raw materials and refine them into usable fuel.

25.     Defendants' fuel refinery facilities are located on or near the Plaintiffs' lands.

26.     Defendants have caused or allowed refined fuel products, by-products, waste products, noxious and/or poisonous odors and/or contaminants to be discharged and emitted from said fuel refinery facilities into uncontained surface areas, waters and the air on and adjacent to the subject lands of the Plaintiffs.

27.     For some undetermined time period, Defendants had knowledge that said fuel refinery facilities were discharging or emitting refined fuel products, by-products, waste products, noxious and/or poisonous odors, and/or contaminants into the air as a result of its operations.

28.     Defendant Jim Killian, as President of SmarterFuel South, LLC, had knowledge of the Plaintiffs' complaints yet continued to direct, monitor and otherwise oversee the process of the fuel refining facilities which were discharging and emitting refined fuel products, by-products, waste products, noxious and/or poisonous odors and/or other contaminants on or near the subject land owned or occupied by the Plaintiffs.

29.     At the time such discharges and emissions occurred, Defendants knew and/or should have reasonably foreseen that its actions and/or inactions would result in the discharge and emission of its refined fuel products, by-products, waste products,

noxious and/or poisonous odors and/or other contaminants on or near the subject land owned or occupied by the Plaintiffs.

30.     Such discharge and emission of refined fuel products, by-products, waste products, noxious and/or poisonous odors, and/or contaminants by the Defendants have contaminated the subject land and air in and near the premises of the Plaintiffs' homes and residence properties.

31.     Defendants knew and/or should have reasonably foreseen that the Plaintiffs and others would be exposed to noxious and unhealthy fumes, vapors and odors from its discharge and emission of refined fuel products, by-products, waste products, noxious and/or poisonous odors and/or other contaminants.

32.     As a proximate result of the Defendants' actions or inactions, Plaintiffs have been exposed to noxious and unhealthy fumes, vapors and odors from the refined fuel products, by-products, waste products, and/or contaminants that were discharged and emitted from Defendants' fuel refinery facilities.

33.     As a result of Defendants' wrongful conduct described in this Complaint, the Plaintiffs have been damaged by exposure to contamination containing known toxic chemicals and substances; by the mental anguish, pain and suffering experienced by the Plaintiffs; by the devaluation of the subject property; and by the diminishment of and interference with the use and enjoyment of Plaintiffs' homes and property rights.

34.     Plaintiffs have never, at any time, granted permission nor entered into any agreement allowing Defendants to discharge or emit refined fuel products, by-products, waste products, and/or other contaminants onto the subject land nor allowed Defendants to use, consume, or damage the subject land, the surface thereof, or the air in the manner

stated.

35.     On or about March 30, 2012, Plaintiffs gave notice to Defendants to abate the nuisance by sending to Defendants, via certified mail, return receipt requested, a letter requesting the abatement of the nuisance, but Defendants failed to abate the nuisance.  A copy of the letter is attached as Exhibit A and incorporated by reference.

36.     The wrongful actions and conduct of Defendants, which are the basis for this Complaint, were perpetuated by Defendants and/or by one or more of its agents, servants, or employees.

37.     Plaintiffs have held title to and/or lawful possession of the subject land at all times material to the claims set forth in this Complaint.

**COUNT ONE**

**TRESPASS**

38.     Plaintiffs incorporate paragraphs 1 through 37 of this Complaint as if set out here in full.

39.     Defendants have wrongfully entered and trespassed on, under, over and upon the subject land owned and occupied by the Plaintiffs.

40.     Defendants have wrongfully interfered with Plaintiffs' ownership and possessory rights in and to the subject lands.

41.     Such trespass and interference included the direct and/or indirect wrongful acts described in this Complaint that were done by Defendants and/or in concert by its agents, servants, and/or employees.

42.     Such trespass and interference included wrongful entry by the Defendants onto or underneath the subject land and further wrongful acts thereon following entry.

43.     Such trespass and interference also included acts done by the Defendants at the site of its facilities near or adjacent to the subject land, which thereafter resulted in the wrongful invasion or intrusion of refined fuel products, by-products, waste products, noxious and/or poisonous odors and/or other contaminants into, onto, under and across the subject land.

44.     Such wrongful invasion or intrusion was reasonably foreseeable and/or intentional by Defendants.

45.     The acts of trespass and interference by the Defendants have been repetitive and continuous until the filing of this Complaint.

46.     The trespass and interference by Defendants was perpetrated consciously, deliberately and/or with a reckless or conscious disregard of Plaintiffs' possessory and ownership rights.

47.     The trespass and interference by Defendants was wanton and/or willful, with malice, insult, contumely, and was reckless, insulting, oppressive, aggravated and/or done with gross negligence.

48.     As a proximate result of the wrongful conduct and actions by the Defendants, the Plaintiffs and the subject land have been damaged as previously stated in this Complaint.

49.     Defendants' actions and conduct are such as to allow the imposition of punitive damages for the aforesaid aggravated trespass and interference.

## COUNT TWO

## NUISANCE

50.     Plaintiffs incorporate paragraphs 1 through 49 as if set out here in full.

8

51.     Defendants' wrongful conduct and actions as previously described resulted in an intrusion upon and invasion of Plaintiffs' use and enjoyment of the subject land such as to constitute an actionable private nuisance as defined by ALA. CODE § 6-5-120 et seq. (1975).

52.     Defendants' wrongful conduct and actions proximately caused the particular damages suffered by the Plaintiffs as set forth herein and such damages were a natural and foreseeable consequence of Defendants' conduct and actions.

53.     Such conduct and actions by Defendant were wanton, oppressive, malicious, attended with circumstances of aggravation and/or were done by Defendants with reckless or conscious disregard of Plaintiffs' rights to the use and enjoyment of the subject lands, including, but not limited to:

a.   The diminution of value in the Plaintiffs' property or residence;

b.   Noxious and/or poisonous odors have severely interfered with the Plaintiffs' right to use and the enjoyment of their property as said odors have entered into their homes, getting into clothing, carpeting, food, furniture, laundry and breathing the odors have adversely affected the Plaintiffs and their children.

## COUNT THREE

## NEGLIGENCE/WANTONNESS

54.     Plaintiffs incorporate paragraphs 1 through 53 as if set out here in full.

55.     Defendants were negligent and/or wanton in the operation of its fuel refinery facilities conducted near the subject land.

56.     Defendants were negligent and/or wanton in its failure to take or implement appropriate monitoring, supervision, remedial and/or corrective measures,

including its failure to notify or warn the Plaintiffs, after the discharges and emissions of the refined fuel products, by-products, waste products, noxious and/or poisonous odors and/or other contaminants occurred.

57.    The said conduct and actions of the Defendants at or near Plaintiffs' land were such as to create and establish a duty of due care by the Defendants to the Plaintiffs, and the Defendants have negligently and/or wantonly violated and breached such duty.

58.    The said conduct and actions of the Defendants have placed the Plaintiffs within the zone of danger of the contamination from the refined fuel products, by-products, waste products, noxious and/or poisonous odors and/or other contaminants discharged and/or emitted from Defendants' fuel refinery facilities.

59.    As a proximate result of Defendants' negligence and/or wantonness, the Plaintiffs have been damaged by exposure to contamination containing known toxic chemicals and substances; by the mental anguish, pain and suffering, anxiety of health and breathing problems; by the devaluation of the Plaintiffs' property and/or residence and by the diminishment of and interference with the use and enjoyment of Plaintiffs' homes and property rights.

## COUNT FOUR

## COMBINED AND CONCURRING NEGLIGENCE/WANTONNESS

60.    Plaintiffs incorporate paragraphs 1 through 59 as if set out here in full.

61.    The Defendant SmarterFuel South, LLC's negligence and/or wantonness combined and concurred with the negligence and/or wantonness of Smarter Fuel and/or Jim Killian and/or Fictitious Defendants A-Z, and as a proximate result of the same, Plaintiffs have been damaged by exposure to contamination containing known toxic

chemicals and substances; by the mental anguish, pain and suffering, anxiety of health and breathing problems, by the devaluation of the Plaintiffs' property and/or residence; and by the diminishment of and interference with the use and enjoyment of Plaintiffs' homes and property rights.

## COUNT FIVE

## FICTITIOUS PARTIES

62.     Plaintiffs incorporate paragraphs 1 through 61 as if set out here in full.

63.     Plaintiffs incorporate all of the previous paragraphs and incorporate them by reference into this count.

64.     The Plaintiffs further aver and allege that the fictitious Defendants "A" through "Z" were guilty of negligence and wantonness.   The claims set out in this Complaint are averred against all fictitious Defendants.

WHEREFORE, Plaintiffs demand judgment against the Defendants as to Counts One, Two, Three, Four and Five as follows:

A.     For compensatory damages sufficient to compensate Plaintiffs for the interference with the use and enjoyment of the subject lands where the Plaintiffs reside, for personal injury, mental and emotional anguish, suffering and distress, anxiety, and for such future damages as are appropriate as a result of Defendants' conduct and actions;

B.     For punitive damages in an amount sufficient to punish said Defendants and deter others similarly situated from such conduct in the future;

C.     For such exemplary and/or enhanced damages, interest, costs and expenses of this action as may be allowed by law; and

D.     For such other, further or different relief as the Court may deem proper

under the circumstances.

### PLAINTIFFS DEMAND TRIAL BY STRUCK JURY

Respectfully submitted,

/s/ Robert F. Prince (PRI-011)
/s/ G. Coe Baxter (BAX-013)
Prince, Glover & Hayes
1 Cypress Point
701 Rice Mine Road North
Tuscaloosa, Alabama 35406
Phone: (205) 345-1234
Fax: (205) 752-6313
Email:  rprince@princelaw.net
          cbaxter@princelaw.net


/s/ William T. Coplin, Jr.(COP-007)
P.O. Box 987
Demopolis, Alabama 36732
Phone: (334) 289-3880
Fax: (334) 289-3881
Email: coplinlaw@bellsouth.net


### SERVE THE FOLLOWING DEFENDANTS BY CERTIFIED MAIL,
### RETURN RECEIPT REQUESTED

SmarterFuel South, LLC
c/o Registered Agent Daniel Hamm
560 S McDonough Street Suite A
Montgomery, AL 36104

Mr. Jim Killian
125 West Washington Street
Apt. 301
Demopolis, AL 36732

Smarter Fuel
c/o Owner David Dunham
103 Winter Ct
Pocono Pines, PA 18350

12